**In the Matter of Paul J. WATTS, Respondent.**

**No. 60S00–0809–DI–510.**

Supreme Court of Indiana.

Dec. 22, 2009.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Barbara L. Brugnaux, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2004, G.A., a 95–year–old man who lived alone, was hospitalized with a

broken hip. While in the hospital, G.A. called attorney David J. Colman, who had represented him in a prior legal matter. Colman came to the hospital and discussed G.A.'s concern that the State would end up with his assets upon his death. G.A. expressed to Colman that he wanted a will making Colman his sole primary beneficiary and Colman's son his contingent beneficiary.

Colman contacted his friend, Respondent, to prepare the will. Colman gave Respondent the information to include in the will. Respondent never met or talked with G.A. Respondent directed his paralegal to prepare a will using a standard form into which the information provided by Colman was inserted. On April 28, 2004, Respondent's paralegal called Colman, pursuant to his request, and told him the will was ready. On that date, Colman obtained a written statement from G.A.'s psychiatrist stating he found G.A. to be competent to execute a will. Although Respondent had his paralegal contact G.A.'s physician and caseworker, Respondent himself made no attempt to ascertain G.A.'s mental competence or to confirm that G.A. did in fact wish to leave his assets to Colman. Later that day, Colman met Respondent's paralegal at the hospital, where Colman consulted privately with G.A. for five to ten minutes. After Colman left G.A.'s room, the paralegal went over the will with G.A., and G.A. executed it.

On May 6, 2004, just a week after G.A. executed the will, Colman, as petitioner, filed a petition for appointment of a guardian over the person and estate of G.A., alleging him to be incapacitated by, among other things, mild dementia and vulnerability to the undue influence of others. Colman has been suspended for three years, based in part on his involvement in the preparation and execution of G.A.'s will. *See Matter of Colman,* 885 N.E.2d 1238 (Ind.2008). G.A. eventually consulted independent legal counsel, who drafted a will for him making Indiana University his beneficiary.

**Analysis:** Respondent is charged with violating these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.7: Representing client when the representation would be materially limited by attorney's responsibilities to a third person or by a personal interest of the lawyer.

8.4(a): Knowingly assisting another to violate the Rules of Professional Conduct, particularly, Rule 1.8(c), which prohibits preparing instrument for a non-relative giving the lawyer or person related to the lawyer a substantial gift.

Respondent does not dispute that Colman stood in a fiduciary relationship with G.A. as his attorney, that this gave rise to a presumption of undue influence by Colman over G.A. *See Matter of Smith,* 572 N.E.2d 1280, 1285 (Ind.1991). Nor does he dispute that Colman was ethically prohibited from preparing a will for G.A. naming Colman or a close relative a beneficiary. *See* Prof. Cond. R. 1.8(c). Yet Respondent maintains he did nothing wrong in failing to communicate at all with G.A. about his will, trusting the conflicted Colman to communicate on his behalf with G.A., and delegating any duty to inquire into G.A.'s competence or desires to Colman and Respondent's paralegal. He says it was his practice, until this disciplinary action, to draft wills for elderly, bedfast clients without consulting them, relying in-

stead on information provided by family members in order to minimize legal fees for the clients.

The hearing officer concluded that Respondent violated the Rules of Professional Conduct as charged, and we agree. Respondent's unwavering argument that he can ethically represent a client without communicating with the client displays a troubling lack of insight into his duty of undivided loyalty to the client. If fees are a concern, the lawyer's options are to reduce the fees or decline the employment, not conduct it in breach of duty. Irreparable harm may well result if the client dies with a will that does not reflect his or her wishes. The need for independent advice is particularly acute if the client is vulnerable due to age or disability. A desire to minimize a client's legal fees cannot take precedence over the obligation to provide the independent legal counsel for which the fees are paid.

The hearing officer recommended a period of suspension without indicating whether it should be with or without automatic reinstatement. Although Respondent lacks insight into his misconduct, he states that he no longer engages in the type of practice that gave rise to the misconduct in this case. We conclude that a 120-day period of suspension is sufficient to give Respondent the opportunity to reflect on his misconduct, reassess his duties to his clients, and take any further corrective action before being automatically reinstated to the practice of law at the end of this period.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 120 days, beginning January 29, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except SULLIVAN, J., who dissents as to the discipline, believing it to be insufficient.